USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/28/19

LEYDA YSABEL SALCEDO,

Petitioner,

v.

THOMAS DECKER, et al.,

Respondent.

No. 18-cv-8801 (RA)

MEMORANDUM OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Before this Court is a dispute as to the proper venue for a habeas petition brought by Petitioner Leyda Ysabel Salcedo, who was detained by Immigration and Customs Enforcement on May 1, 2018 and placed in the Hudson County Correctional Facility in New Jersey pending the initiation of removal proceedings. After Petitioner filed this action, the government filed a motion to transfer venue to the District of New Jersey, which Petitioner opposed. For the reasons that follow, the Court determines that the proper respondent to this action is the warden of the Hudson County Correctional Facility in New Jersey, and the Court therefore lacks jurisdiction over him. The motion to transfer is thus granted, and the case will be transferred to the District of New Jersey.

## BACKGROUND[1]

Salcedo is a 50-year-old lawful permanent resident who was arrested on May 1, 2018 by Immigration and Customs Enforcement ("ICE") officers and placed in removal proceedings due to a 2007 conviction for criminal sale of a controlled substance on school grounds under New York Penal Law § 220.44(2). Upon her arrest, she was taken to ICE's New York Field Office at 26

---

[1] Unless otherwise noted, the Court draws the relevant background facts from Salcedo's habeas petition (Dkt. 1) and the 28 U.S.C. § 1746 declaration of ICE deportation officer Christopher I. Santiago (Dkt. 6-1).

Federal Plaza, New York, New York, and then transferred to the Hudson County Correctional Facility ("HCCF") in New Jersey, which houses immigrant detainees pursuant to an Intergovernmental Service Agreement (the "Agreement") with ICE. In the months since her arrest, Salcedo has not physically appeared in the Varick Street Immigration Court in Manhattan where her removal proceedings are taking place, due to a newly instituted ICE policy that requires detained individuals scheduled for hearings to appear via video teleconferencing rather than in person.

On September 26, 2018, Salcedo filed a petition for a writ of habeas corpus in the Southern District of New York, naming as respondents Thomas Decker, Director of ICE's New York Field Office; Kirstjen Nielsen, Secretary of Homeland Security; Jefferson B. Sessions III, then-Attorney General of the United States; and the U.S. Department of Homeland Security.[2] On October 1, 2018, the government moved to transfer Salcedo's case to the District of New Jersey. After receiving a response from Salcedo, the Court heard argument solely on the question of whether it had jurisdiction to consider the habeas petition.

## DISCUSSION

Federal district courts may grant writs of habeas corpus only "within their respective jurisdictions," 28 U.S.C. § 2241(a). Jurisdiction in the habeas context depends on the location of the proper respondent—"the person having custody of the person detained," *id.* § 2243; *see also id.* § 2242, or, as the Supreme Court stated in *Rumsfeld v. Padilla*, "the person with the ability to produce the prisoner's body before the habeas court." 542 U.S. 426, 435 (2004) (internal quotations omitted). In *Padilla*, the Court established the "default rule" that in habeas cases challenging physical confinement ("core" challenges) the proper respondent is "the warden of the

---

[2] Petitioner originally named Jefferson B. Sessions III as a respondent in his official capacity as Attorney General; under Fed. R. Civ. P. 15(d), the Court substitutes Acting Attorney General Matthew Whitaker.

facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* This is known as the "immediate custodian" rule, pursuant to which the individual with immediate, physical custody of the detainee is the proper respondent in a habeas case. *Id.* The *Padilla* Court left open the question of whether the Attorney General might be a proper respondent to a habeas petition filed by an alien detained pending deportation. *Id.* at n.8.

Prior to *Padilla*, the Second Circuit considered whether the Attorney General could be an appropriate respondent in such an action, recognizing that even when personal jurisdiction over the immediate custodian clearly lies, "factors relating to the unique role that the Attorney General plays in immigration matters may be taken to suggest that she may be a proper respondent in alien habeas cases." *Henderson v. I.N.S.*, 157 F.3d 106, 125–26 (2d Cir. 1998). The Court of Appeals opted not to rule on this issue, *id.* at 125, but a "'clear majority' of courts in this circuit" have applied *Padilla* for the proposition that only the immediate custodian—and not the Attorney General or other "legal custodian"—may be named as a respondent in a core alien habeas challenge. *Singh v. Holder*, No. 12-CV-4731, 2012 WL 5878677, at *2 (S.D.N.Y. 2012) (quoting *Zhen Yi Guo v. Napolitano*, No. 09-CV-3023, 2009 WL 2840400, at *3 (S.D.N.Y. 2009)). Absent contrary instruction from the Supreme Court or the Second Circuit, and absent any allegation that there was an "attempt to manipulate" Salcedo's transfer in bad faith,[3] this Court will continue to apply the immediate custodian rule.

Petitioner urges that ICE's New York Field Office Director Decker, not the warden of the facility where she is detained, is her immediate custodian. Having reviewed the Intergovernmental

---

[3] *See Padilla*, 542 U.S. at 441 ("There is no indication that there was any attempt to manipulate behind Padilla's transfer."); *see also id.* at 454 (Kennedy, J., concurring) ("I would acknowledge an exception if there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming with respect to the identity of the custodian and the place of detention.").

Service Agreement between ICE and HCCF, however, the Court agrees with the government's contention that Decker does not "exercise[] direct physical custody and control over the petitioner while she is detained." Mot. at 2.[4] Although it is true that the Agreement requires HCCF "to receive and discharge INS detainee(s) only from and to properly identified INS officer(s)[,]" Agreement at 2, it is HCCF that is to provide "housing, safekeeping, subsistence and other services[,]" "medical services and care[,]" and "all necessary security and transportation services" to detainees incarcerated there. It is thus HCCF that retains immediate, physical custody over its detainees, including Salcedo. Agreement at 1–2.

## CONCLUSION

As the proper respondent is not Decker but the warden of the New Jersey facility where Salcedo is detained, the Court lacks jurisdiction over the proper respondent in this case. The Court therefore transfers this petition to the District of New Jersey pursuant to 28 U.S.C. § 1406(a).

The Clerk of Court is respectfully directed to (1) terminate all open motions and (2) transfer this case to the United States District Court for the District of New Jersey.

SO ORDERED.

Dated:   January 28, 2019
         New York, New York

Ronnie Abrams
United States District Judge

---

[4] Petitioner relies on this Court's decision in *Kolev v. Sessions*, No. 17-CV-9477-RA, 2018 WL 4473338 (S.D.N.Y. Sept. 17, 2018) for her argument that Decker, and not the warden of HCCF, is her immediate custodian. Unlike in *Kolev*, however, the government here directly disputes the identity of the petitioner's immediate custodian, and the Intergovernmental Service Agreement is now before the Court. Indeed, in light of these developments, the Court will issue an order in *Kolev* ordering the petitioner to show cause why his case should not be transferred to the District of New Jersey.